RECEIVED
JAN 20 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMIE DERAMUS d/b/a SILVER DOLLAR PAWN & JEWELRY, ET AL | CIVIL ACTION NO. 1:14-03222 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CITY OF ALEXANDRIA, ET AL | MAG. JUDGE PEREZ-MONTES |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment on Behalf of the City of Alexandria, Loren Lampert, Jimmy Hay and Lee Leach" (R. #29) who seek to be dismissed from the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure. These defendants maintain that (1) there are no facts or evidence to establish any element of a § 1983 claim against the City of Alexandria (the "City"), (2) there can be no *respondeat superior* or vicarious liability on a § 1983 claim or a state law claim, (3) they are entitled to qualified immunity for both federal and state law claims, (4) and there are no facts to establish a claim for punitive damages for either state or federal law claims. As of this date, plaintiffs, Jimmie and Peggy DeRamus, have failed to respond to the instant motion for summary judgment.

### STATEMENT OF FACTS

Jimmie and Peggy DeRamus are the sole proprietors of Silver Dollar Pawn ("Silver Dollar") and Jewelry. Silver Dollar is a licensed pawn broker and secondhand dealer which purchases, pawns and sells on a retail and commercial basis. Based on documentary evidence, on or about June 12, 2014, Silver Dollar purchased an "electric snake" from Bandon Eugene Allison for $100.

1

Other documents evidence that Silver Pawn also purchased a chain saw and pole saw from Allison.

On occasions prior to June 23-24, 2014, Jimmie required that inquiries as to potential stolen items come from a detective; in other words, Jimmie instructed uniformed law enforcement officers that they could not inquire about potential stolen items unless they were a detective. On June 23, 2014, four (4) police officers entered the Silver Dollar to inquire about potential stolen items, specifically, the above mentioned electric snake, chain saw and pole saw. Relying on his knowledge of the "pawn shop statutes", Jimmie responded to the inquiry with profanity informing the officers that they needed to leave the premises and get a supervisor. Shortly thereafter, a supervisor, acting Sgt. Distefano, was contacted and appeared at the Silver Dollar. After speaking with Jimmie, Sgt. Distefano told Jimmie that the matter would be assigned to a detective.[1]

On June 24, 2014, police officers again entered the Silver Dollar to procure the potential stolen items. Believing that the police paperwork was insufficient,[2] Jimmie initially refused to turn over the items to the police. The police officers served Jimmie with a search warrant of the relevant items.[3] After receiving the search warrant, Jimmie again refused to turn over the items. The officers continued executing the search warrant and secured the items which clearly agitated Jimmie. Jimmie was not controlled by the police officers, nor did they intimidate him.

---

[1] Defendants' exhibit 1, p. 101.
[2] Jimmie believed that a written report, receipt and restitution form was necessary to see or take the merchandise.
[3] The electric snake, chain saw and pole saw.

In their statement of uncontested material facts, these defendants assert that there is no proof of a pattern of misconduct to establish inadequate training, nor is there proof of the possibility of recurring situations that would present an obvious violation of constitutional rights and the need for additional or different training. Defendants further state that there is no testimony or evidence to establish that a policy, practice, or custom of the City was inadequate, or that the City was deliberately indifferent in adopting the policy, practice, or custom, or that the inadequate policy, practice or custom caused the DeRamuses' alleged injuries. Furthermore, defendants assert that there is no evidence to establish that Loren Lampert, Lee Leach and Jimmy Hay were the cause of or contributed to the incident at Silver Dollar. Likewise, there is no evidence to show that Lampert, Leach and Hay reasonably believed they violated a constitutional right.

Defendants state that there is no evidence to show that Lampert, Leach and Hay harbored any ill-will or were reckless or callous as to the rights of the DeRamuses and no one for whom the City was legally responsible was at fault and/or negligent. Prior to June 23 and June 24, 2014, police officers for the City of Alexandria followed the proper procedures as required by the "Pawn Shop Law" when they inquired about potential stolen items at the Silver Dollar. Defendants state that their actions on June 24, 2014 and/or June 23, 2014 were lawful and did not violate Jimmie or Peggy DeRamus's rights.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the

3

light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[4] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[5] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[7] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[8]  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[9] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[10] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[11]

---

[4] Fed. R. Civ. P. 56(c).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[6] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[7] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[8] Anderson, 477 U.S. at 249.
[9] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[10] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[11] Anderson, 477 U.S. at 249-50.

## **LAW AND ANALYSIS**

This motion involves the claims of Jimmie and Peggy DeRamus against the City of Alexandria, Loren Lampert, Jimmy Hay and Lee Leach. Plaintiffs assert the following causes of action:

1. Deprivation of plaintiffs' property rights, possessory rights and security interest;
2. Deprivation of plaintiff's right to due process of the law;
3. Illegally seizure/control of the Silver Dollar Retail Store and Warehouse;
4. Acts of intimidation and threats;
5. Invasion of privacy;
6. False arrest;
7. Illegally shutting down and taking control of the retail business operations of Silver Dollar;
8. Failure to serve and comply with the requirements of the search warrant;
9. Unlawful search and seizure of property;
10. Unlawful interference with business operations;
11. Compelling production of information and documents without a search warrant;
12. Deprivation of civil rights guaranteed under the State of Louisiana Constitution and the United States Constitution;
13. Unlawfully issuing a Summons; and
14. Failing to supervise and train Alexandria Police Department ("APD") officers in proper procedures to claim property from a pawn broker.

Louisiana Revised Statutes 37:1782-1808 details the obligations of businesses that operate as a pawnbroker and secondhand dealer. These statutes govern the pawn transaction itself, the costs associated with the transactions, changes of ownership in the pawn business, hours of operation, required contents of a pawn ticket and other specifics. Specifically, Louisiana Revised Statute 37:1805(D) provides as follows:

> When the ownership of a thing is disputed and a criminal proceeding is initiated and continued, possession of the thing shall be tendered to the appropriate law enforcement or judicial authority until ownership is determined. Upon delivery of the thing to the appropriate law enforcement or judicial authority, the

5

>pawnbroker shall be given a receipt indicating the date of delivery, number, the style of the case, and the name of the person to whom delivery was made. Upon delivery of the thing, the appropriate law enforcement or judicial authority shall also initiate an offense report on the pawnbroker's behalf as a victim of theft by fraud.

Louisiana Revised Statute 37:1864(B) further requires secondhand dealers to keep records on the items purchased and such information "shall be made available for inspection by any peace officer or law enforcement official at any time." Louisiana Revised Statute 37:1869 C states as follows:

>C. Failure to maintain the information or to register or to produce a report requested by any peace officer and law enforcement official as required by this Section shall be prima facie evidence that the person receiving such material described in this Section and not registered or reported, received it knowing it to be stolen, in violation of R.S. 14:69.

Louisiana Revised Statute 37:1865 requires the following:

>The book containing the record of purchase as provided for in R.S. 37:1864 and the various articles purchased and referred to therein shall at all times be open to the inspection of law enforcement officers of the Office of State Police, or the superintendent of police or sheriff of the parish or anyone designated by them of the city, town, or parish in which the secondhand dealer does business.

***Federal claims***

Plaintiffs, Jimmie and Peggy DeRamus are seeking to hold the City of Alexandria responsible for civil rights violations allegedly committed by certain APD officers pursuant to § 1983. The City maintains that there is no direct § 1983 liability against the City for any violation of any federally protected right.

Plaintiffs must show that a policy, practice, or custom of the city caused the incident which requires proof that (1) the policy, practice, or custom was inadequate, (2) the City was

6

deliberately indifferent in adopting the policy, practice, or custom, and (3) the inadequate policy, practice or custom directly caused plaintiffs' injury.[12] The City can only be liable under § 1983 when its policies, practices, or customs are the moving force behind the constitutional violation.[13] The City's liability inures only when the execution of the policy, practice, or custom caused the injury.[14] The City cannot be held liable for the acts of any APD officer under a theory of *respondeat superior* or vicarious liability.[15]

A plaintiff seeking to recover against the City must prove a direct causal link between the City's policy and the constitutional deprivation, and then establish that the City consciously enacted the policy reflecting deliberate indifference to the constitutional rights of citizens.[16] Deliberate indifference is a stringent standard of fault, requiring proof that the City disregarded a known or obvious consequence of its actions.[17] The general rule is that the existence of a constitutionally deficient policy, practice, or custom cannot be inferred from a single wrongful act, when the policy, practice, or custom relied upon is not, itself, unconstitutional.[18]

Defendants maintain that plaintiffs have presented no facts or evidence to establish any element of a § 1983 claim against the City, such as evidence of a policy, practice or custom that was inadequate, that the City was deliberately indifferent in adopting the policy, practice or custom, or that the inadequate policy, practice or custom caused the DeRamuses' injury. As previously noted, plaintiffs have failed to respond to the instant motion for summary judgment.

---

[12] City of Canton v. Harris, 489 U.S. 378, 385-89, 109 S.Ct. 1197 (1989).
[13] Monell v. Dept. of Social Services, City of New York, 436 U.S. 658, 98 S.Ct. 2018 (1978).
[14] Monell, supra.
[15] Monell
[16] City of Canton, 489 U.S. at 389.
[17] Board of Court Commissioners of Bryan County v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382 (1997).
[18] Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

7

Accordingly, the court must agree that plaintiff has failed to establish the elements of their alleged civil rights violations against the City.

*Supervisor Liability as to Lampert, Leach and Hay*

Plaintiffs allege that Lampert, Leach and Hay failed to properly supervise or train the police officers involved in the incident that is the subject matter of this litigation. Plaintiffs allege that the City failed to adequately train the police officers involved in the incident. An adequate training program must "enable officers to respond properly to the usual and recurring situations with which they must deal."[19] For liability to attach based on an "inadequate training" claim, a plaintiff must allege with specificity how a particular training program is defective.[20] A single incident is usually insufficient to demonstrate deliberate indifference.[21] Plaintiffs must demonstrate "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a Constitutional violation."[22]

Defendants submit that there is no testimony or evidence that Lampert, Hay or Leach failed to supervise or train any subordinate, that there was a causal link between the alleged failure and the violation of the DeRamuses' rights, or that the failure to train or supervise amounted to deliberate indifference. We agree and find that plaintiffs' claim of failure to supervise or train must be dismissed with prejudice.

---

[19] City of Canton, 489 U.S. at 391.
[20] Benavides v. County of Wilson, 955 F.2d 968, 973 (5th Cir. 1992).
[21] Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir. 2000).
[22] Roberts v. City of Shreveport, 397 F.3d 287 (5th Cir. 2005).

*Qualified immunity of Lampert, Leach and Hay*

A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[23] When the qualified immunity is invoked, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[24]

Plaintiffs have failed to submit testimony or evidence that any action or inaction of Lampert, Leach and Hay was the cause of or contributed to the incident at Silver Dollar. There is no evidence that would establish that anything done by these defendants would have reasonably been believed to violate a constitutional right. Accordingly, the court will dismiss with prejudice all federal claims made against Lampert, Leach and Hay based upon qualified immunity.

*Punitive damages for federal claims*

Municipalities are immune from punitive damages under § 1983.[25] Accordingly, plaintiffs' claims for punitive damages for federal claims will be dismissed.

**State Law Claims**

*State Law Immunity*

Defendants Lampert, Leach and Hay maintain that they are entitled to qualified immunity as to their state law claims for the same reasons they are entitled to qualified immunity concerning the federal law claims made against them.

---

[23] Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083 (2011).
[24] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas, 883 F.2d 400, (5th Cir. 1989).
[25] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 281, 101 S.Ct. 2748 (1981).

9

Discretionary function immunity for state law claims is provided by Louisiana Revised Statute 9:2798.1. The immunity from liability for discretionary acts is essentially the same as the immunity conferred on the federal government by the exception in the Federal Tort Claims Act.[26] Discretion exists only when a policy judgment has been made.[27] We previously found with regard to Lampert, Leach and Hay, that plaintiffs failed to allege and/or establish sufficient facts to show conduct by these defendants that violated plaintiffs' constitutional rights; as to plaintiffs' state law claims, we also conclude that plaintiffs failed to establish that these defendants' conduct violated plaintiffs' state constitutional rights. Accordingly, these defendants are entitled to qualified immunity as to the state law claims.

*State Law Punitive Damages*

Because punitive damages must be expressly authorized by statute,[28] and plaintiffs have not asserted any such statute that allows an award of punitive damages, all punitive damage claims made against the City, Lampert, Leach and Hay for state law claims will be dismissed with prejudice.

*Vicarious Liability*

In general, public officers are not liable under the doctrine of respondeat superior for the actions of their subordinates.[29] Hence, defendants, Lambert, Leach and Hay seek to be dismissed with prejudice for any claims made against them under the doctrine of respondeat superior or vicarious liability.

---

[26] Fowler v. Roberts, 556 So.2d 1 (La.1989)(on rehearing).
[27] Id.
[28] Ross v. Conoco, Inc., 828 So.2d 546, 555 (La. 10/15/2002).
[29] Taylor v. City of Alexandria, 261 So.2d 92 (3rd Cir. 1972).

The City seeks to be dismissed as well maintaining that if all of the individual officers' motions for summary judgment are granted, then there could be no vicarious liability as to the City because no one for whom the City was legally responsible is at fault and/or negligent.[30] We agree that any claims of vicarious liability made against Lambert, Leach and Hay should be dismissed. However, at this juncture, it would be premature for us to dismiss plaintiffs' claims against the City because the individual officers' motions have yet to be decided. Accordingly, we will postpone ruling on this issue and will allow the City to raise this issue once all the motions as to the individual officers have been decided.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted in part and denied in part. The motion will be granted to the extent plaintiffs' federal and state law claims against defendants, Loren Lampert, Jimmy Hay and Lee Leach will be dismissed with prejudice. The motion will be granted to the extent that plaintiffs' claims of civil rights violations and punitive damages for federal and state law claims will be dismissed with prejudice. The motion will be denied as to the City and plaintiffs' claims of vicarious liability, but reserving the City's rights to reassert this motion after the court has ruled upon all of the individual officers' motions.

**THUS DONE AND SIGNED** in chambers on this 20th day of January, 2016.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT

---

[30] Citing McCoy v. City of Monroe, 747 So.2d 1234 (La.App. 2d Cir. 12/8/99).