RECEIVED
JAN 2 0 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMIE DERAMUS d/b/a SILVER DOLLAR PAWN & JEWELRY, ET AL | CIVIL ACTION NO. 1:14-03222 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CITY OF ALEXANDRIA, ET AL | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment on Behalf of the City of Alexandria, Chris Besson, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, Chris Ryder, Doug Alfred, Loren Lampert, Jimmy Hay, Lee Leach and Shannon Blackwood" (R. #31) who seek to have the claims of plaintiff, Tammie DeRamus-Credeur, summarily dismissed under Rule 56 of the Federal Rules of Civil Procedure. As of this date, plaintiff, Tammie DeRamus-Credeur, has not responded to this motion.

## STATEMENT OF FACTS

The following statement of facts were submitted by the above-named defendants and have not been disputed by plaintiff, Tammie DeRamus-Credeur. Therefore, they will be deemed by the court as undisputed material facts.

Plaintiff, Tammie DeRamus-Credeur, (hereinafter referred to as "Tammie") is an employee of the Silver Dollar Pawn and Jewelry Center ("Silver Dollar"); she has no ownership interest in the Silver Dollar. With respect to the instant lawsuit, Tammie is not making a claim for loss of income.

1

Prior to June 23, 2014, when police officers inquired or asked to see items and/or paperwork of potential stolen items, Tammie refused to show them believing that the police officer did not have the required paperwork. Tammie would forbid the officer from seeing the items unless she believed he had the appropriate paperwork.

On June 24, 2014, Tammie observed Alexandria Police Department ("APD") officers Ricky Vercher and Shannon Blackwood walk in the Silver Dollar. Vercher told Tammie's father, Jimmie DeRamus, that the police officers were there for the sewer snake that had been the subject of an inquiry the day before.

During the execution of the search warrant and the search of the items listed in the warrant as well as paperwork sought by the APD officers, Tammie searched her computer database and/or paperwork to locate the items listed in the search warrant.

After Johnnie DeRamus was arrested, John Harris, also an employee of the Silver Dollar and Tammie's husband, informed Tammie of what was happening in the back of the Silver Dollar. Tammie then walked to where Johnnie DeRamus was and was informed by Detective Harrison that Johnnie had been arrested for interfering with their investigation. Tammie further observed that all of the other employees from the rear of the store were standing outside the building.[1] The employees in the front of the store were still in their normal position; only the back (bay) area was affected.[2] Detective Ryder informed Tammie that they were clearing the building to which she responded:

---

[1] Defendant's exhibit 3, pp. 77-78.
[2] Id. p. 78.

> ... The hell you have. I said, you have no right to take over my damn building. I said, what you going to do, make me leave my own goddamn building - - now, I did say that, my own goddamn building?[3]

During the execution of the search warrant, Lieutenant Neal Bates told Tammie he wanted all documents of transactions by the seller of the items sought in the search warrant. Tammie testified that Lieutenant Bates was not entitled to documents or information under either the search warrant or pawn shop law.[4] Shortly thereafter, Tammie complied with Lieutenant Bates' request and provided information on the seller of the items identified in the search warrant.[5]

Tammie admits that her ability to move around the store was not prohibited or controlled by the police officers; she is not making a claim for false arrest.[6]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing

---

[3] Id. p. 78, ln. 24, p. 79, ln. 2.
[4] Id., pp. 87-88.
[5] Id. pp. 89-90.
[6] Id. pp. 102, 103, and 107.
[7] **Fed. R. Civ. P. 56(c).**

3

law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[14]

## LAW AND ANALYSIS

While not entirely clear, it appears that Tammie is making the following federal claims in the petition for damages: (1) Fourteen Amendment claims for the seizure of stolen property from the Silver Dollar, (2) civil rights action against the City of Alexandria under § 1983, allegedly committed by APD officers, (3) supervisor liability against Loren Lampert, Lee Leach and Jimmy Hay for the actions of subordinates pursuant to § 1983, and (4) punitive damages. It also appears that Tammie is making the following state law claims; (1) due process violation of Louisiana

---

[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[9] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[10] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[11] Anderson, 477 U.S. at 249.
[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[13] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[14] Anderson, 477 U.S. at 249-50.

4

Constitution Article I, § 2, (2) vicarious liability, and (3) punitive damages. Defendants filed the instant motion seeking to have the court dismiss with prejudice all causes of action made by Tammie against the City of Alexandria, Chris Besson, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, Chris Ryder, Doug Alfred, Loren Lampert, Jimmy Hay, Lee Leach, and Shannon Blackwood.

### *Federal claims*

Defendants submit that Tammie is making a claim under the Fourteenth Amendment for the seizure of stolen property from the Silver Dollar. However, as noted by defendants, Tammie has no ownership interest in the Silver Dollar; she is only an employee. Because Tammie has no liberty or property interest in the Silver Dollar, she can have no claim of a violation of the due process clause of the Fourteenth Amendment.[15] Accordingly, any such claim will be dismissed with prejudice.

It also appears Tammie may be making a § 1983 claim against the City of Alexandria for civil rights violations allegedly committed by various APD officers. In order to hold the City liable for Tammie's claims, she must show a policy, practice, or custom of the City caused the incident. Such a showing requires proof that (1) the policy, practice or custom was inadequate, (2) the City was deliberately indifferent in adopting the policy, practice, or custom, and (3) the inadequate policy, practice, or custom directly caused injury.[16] The City can only be liable under § 1983 when its policies, practices, or customs are the moving force behind the constitutional violation.[17] The

---

[15] Matthews v. Eldridge, 424 U.S. 319, 332 (1976).
[16] City of Canton v. Harris, 489 U.S. 378, 385-89, 109 S.Ct. 1197 (1989).
[17] Monell v. Department of Social Services, City of New York, 436 U.S. 658, 98 S.Ct. 2018 (1978).

5

City's liability inures only when the execution of the policy, practice, or custom caused the injury.[18] The City cannot be held liable for the acts of any APD officer under a theory of *respondeat superior* or vicarious liability.[19]

Tammie must also demonstrate that the official decision at issue reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.[20] A plaintiff seeking to recover against the City must prove a direct causal link between the City's policy and the constitutional deprivation; plaintiff must then establish that the City consciously enacted the policy reflecting deliberate indifference to the constitutional rights of citizens.[21] Deliberate indifference is a stringent standard of fault, requiring proof that the City disregarded a known or obvious consequence of its actions.[22] The general rule is that the existence of a constitutionally deficient policy, practice, or custom cannot be inferred from a single wrongful act, when the policy, practice or custom relied upon is not, itself, unconstitutional.[23]

Defendants submit that Tammie may be claiming that the City failed to adequately train the officer involved. An adequate training program must "enable officers to respond properly to the usual and recurring situations with which they must deal."[24] For liability to attach, the plaintiff

---

[18] Monell, supra.
[19] Monell, supra.
[20] Board of Court commissioners of Bryan County v. Brown, 520 U.S. 397, 411, 117 S.Ct. 1382 (1997).
[21] City of Canton, 489 at 389.
[22] Brown, 520 U.S. 410.
[23] Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).
[24] City of Canton, 489 U.S. at 391.

6

must allege with specificity how a particular training program is defective.[25] A single incident is insufficient to demonstrate deliberate indifference.[26]

Defendants maintain that there are no facts to establish any element of a § 1983 claim against the City. The court agrees. There is no testimony or evidence to support a showing that a policy, practice or custom of the City was inadequate, that the City was deliberately indifferent in adopting the policy, practice, or custom, or that the inadequate policy, practice or custom caused Tammie injury. Accordingly, the court will dismiss with prejudice any claims made by Tammie against these defendants for civil rights violations.

Next, defendants Loren Lampert, Lee Leach and Jimmy Hay maintain that as supervisors, they cannot be held liable under § 1983 for the actions of their subordinates on any theory of vicarious or *respondeat superior* liability. Defendants maintain that there is no testimony or evidence that Lampert, Hay or Leach failed to supervise or train any subordinate, that there was a causal link between the alleged failure and the violation of any of Tammie's rights, or that the failure to train or supervise amounted to deliberate indifference. We agree and will dismiss with prejudice the claims made against defendants, Lampert, Leach and Hay.

Defendants maintain that they are entitled to qualified immunity which protects government officials from civil liability when their actions could reasonably have been believed to be legal.[27] A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the

---

[25] Benavides v. County of Wilson, 955 F.2d 968, 973 (5th Cir. 1992).
[26] Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir. 2000).
[27] Morgan v. Swanson, 659 F.3d 359, 370 (5th Cir. 2011). enbanc, cert. denied, 132 U.S. 2740 (2012).

7

time of the challenged conduct."[28] When the qualified immunity is invoked, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[29]

Defendants argue that a reasonable police officer could believe that Tammie's assistance in providing information as required by the law was not a violation of any constitutional right. Defendants further argue that none of the actions of the officers violated a statutory right and none of their actions violated an existing precedent which placed a constitutional question beyond debate. We agree and conclude that as to Tammie's claims, all of the individual defendants are entitled to qualified immunity for all federal claims.

Finally, defendants argue that Tammie cannot recover punitive damages. Municipalities are immune from punitive damages under § 1983.[30] Accordingly, Tammie's claims for punitive damages, if any, against the City will be dismissed.

*State law claims*

To the extent Tammie is asserting due process claims pursuant to Louisiana Constitution Article 1 § 2, those claims must also be dismissed because they do not vary from those found in the Due Process Clause of the Fourteenth Amendment.[31]

---

[28] Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083 (2011).
[29] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas, 883 F.2d 400, (5th Cir. 1989).
[30] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748 (1981).
[31] Progressive Security Insurance Company v. Foster, 711 So.2d 675 (La. 4/23/98).

8

To the extent Tammie is seeking punitive damages for her state law claims, these claims will be dismissed with prejudice because there is no statute that allows an award of punitive damages for the claims Tammie has made.[32]

Finally, as to Tammie's state law claims, defendants are entitled to the discretionary immunity provided by Louisiana Revised Statute 9:2798.1. It is undisputed that the APD had in the past consistently followed the procedures (Pawn Shop Laws) to retrieve alleged stolen property. On June 24, 2014, the APD utilized a search warrant. Without determining the legal ramifications of utilizing the search warrant as opposed to following the procedures set forth in the Pawn Shop Laws, we can easily conclude that this decision was a discretionary function that is clearly entitled to discretionary immunity.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice the claims of plaintiff, Tammie DeRamus-Credeur against the City of Alexandria, Chris Besson, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, Chris Ryder, Doug Alfred, Loren Lampert, Jimmy Hay, Lee Leach and Shannon Blackwood.

**THUS DONE AND SIGNED** in chambers on this 20th day of January 2016.

                              JUDGE JAMES T. TRIMBLE, JR.
                              UNITED STATES DISTRICT JUDGE

---

[32] See Ross v. Conoco Inc., 828 So.2d 546, 555 (La. 10/15/02).