U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 1 2016

TONY R. MOORE  CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JIMMIE DERAMUS d/b/a SILVER              CIVIL ACTION NO. 1:14-03222
DOLLAR PAWN & JEWELRY, ET AL


VERSUS                                   JUDGE JAMES T. TRIMBLE, JR.

CITY OF ALEXANDRIA, ET AL                MAG. JUDGE PEREZ-MONTES

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment on Behalf of the City of Alexandria, Chris Besson, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, Chris Ryder, Doug Alfred, Loren Lampert, Jimmy Hay, Lee Leach and Shannon Blackwood" (R. #30) wherein these defendants seek to have the claims asserted against them by Johnnie DeRamus dismissed with prejudice.

### STATEMENT OF FACTS

Johnnie DeRamus is an employee of Silver Dollar Pawn and Jewelry ("Silver Dollar") and the brother of Jimmie DeRamus, the owner of Silver Dollar. On June 23, 2014, Johnnie observed two Alexandria Police Department officers come in the front door of the Silver Dollar. On June 24, 2016, Johnnie observed several officers walk in the Silver dollar.

On June 24, 2016, Detective Harrison was instructed that he would assist in serving a search warrant at Silver Dollar.[1] Silver Dollar is a very large business with many entrances and

---

[1] Defendants' exhibit 2, p. 12.

exits, numerous employees, some of who are armed.[2] Prior to going to Silver Dollar, Harrison was informed that Jimmie DeRamus would be contacted and asked to cooperate in retrieving certain potentially stolen items.  However, if he failed to cooperate, a search warrant was going to be served.[3] Harrison observed Jimmie refuse to provide the items sought in the investigation. Thus, the Alexandria Police Department ("APD") chose to execute the search warrant to retrieve the requested items.[4] Harrison observed Jimmie pick up a sewer snake which was identified as an item listed in the search warrant, and put it back on the shelf.[5] At some point, the items listed in the search warrant were located and placed by the bay door at the back of the building.[6]

Because Jimmie refused to cooperate, APD Sgt. Vercher ordered Harrison to shut the store down.[7] In response, Harrison directed all employees in the area to leave the building.[8] All employees complied with the exception of Johnnie.[9] Several warnings and instructions were given, but Johnnie refused to exit the building.[10] Consequently, because it became clear to Harrison that Johnnie was not going to leave the area, Johnnie was arrested.[11] Eventually, Harrison chose to write a criminal citation for interfering with a criminal investigation instead of taking him to the police station for booking. Johnnie was detained for no more than 30 minutes.[12]

---

[2] Defendants' exhibit 2, p. 12.
[3] Defendants' exhibit 2, p. 14.
[4] Defendants' exhibit 2 p.21.
[5] Defendants' exhibit 2, p. 24.
[6] Defendants' exhibit 2, p. 27.
[7] Defendants' exhibit 2, p. 28.
[8] Defendants' exhibit 2, p. 30-31.
[9] Defendants' exhibit 2, p. 32.
[10] Defendants' exhibit 2, p. 32.
[11] Defendants' exhibit 2, p. 38.
[12] Defendants' exhibit 2, p. 38.

In his opposition to the motion for summary judgment, Johnnie submits that the only claims he is making in this lawsuit is a Fourth Amendment and state law claim for false arrest, violation of Louisiana Constitution Article I, Section 5, violation of Louisiana Constitution Article I, Section 2, and a state law property damage claim for damage to his Rolex watch while being hand-cuffed.  Johnnie further asserts that Harrison is not entitled to qualified immunity under either state or federal law.

Johnnie informs the court that  he is not making a claim for excessive force, a Fourteenth Amendment claim for the seizure of property returned to Bakies, property damage claim under federal law, a  § 1983 claim against the City of Alexandria, a § 1983 or state law claim against Lampert, Leach and Hay for respondeat superior or vicarious liability, and punitive damages.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[13] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[14] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[15] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the

---

[13] Fed. R. Civ. P. 56(c).
[14] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[15] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

absence of evidence supporting the non-moving party's claim."[16] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[17]  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[18] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[19] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[20]

## LAW AND ANALYSIS

In his opposition, plaintiff, Johnnie DeRamus informs the court that he is making claims for false arrest under both state and federal law, violations of Louisiana Constitution Article 1, § § 2 and 5, and state law property damage.  He also maintains that defendant, Harrison, is not entitled to qualified immunity under state or federal law. Accordingly, we will address only these claims in this motion recognizing that these are the entirety of the claims being made by Johnnie against defendants, the City of Alexandria, Chris Besson, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, Chris Ryder, Doug Alfred, Loren Lampert, Jimmy Hay, Lee Leach and Shannon Blackwood.

---

[16] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[17] Anderson, 477 U.S. at 249.
[18] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[19] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[20] Anderson, 477 U.S. at 249-50.

*False Arrest*

During the execution of the search warrant, defendant, Harrison, requested that Johnnie step outside of the "bay" area in order for the officers to conduct their investigation of potentially stolen items.  Johnnie blatantly refused. Johnnie asserts that the purpose of the arrest was to intimidate Jimmie DeRamus, Johnnie's brother.

Hence, Harrison arrested Johnnie for violation of Louisiana Revised Statute 14:329 which provides in pertinent part:

> A. Interfering with a law enforcement investigation is the intentional interference or obstruction of a law enforcement officer conducting investigative work at the scene of a crime or the scene of an accident by refusing to move or leave the immediate scene of the crime or the accident when ordered to do so by the law enforcement officer when the offender has reasonable grounds to believe the officer is acting in the performance of his official duties.

Johnnie argues that because he was not interfering with a law enforcement investigation at the immediate scene of a crime, (maintaining that the Silver Dollar was not the "immediate scene of the crime"; the actual crime being investigated was at the home of Bakies, the victim of theft in this case), Johnnie's arrest was without probable cause.

Defendants cite <u>Devenpeck v. Alford</u>,[21] wherein the Supreme Court addressed the nature and extent of probable cause and whether probable cause for uncharged and unrelated crimes would serve to defeat a § 1983 Fourth Amendment claim when there was no probable cause for

---

[21] 543 U.S. 146, 125 S.Ct. 588 (2004).

the original charge that had led to the plaintiff's arrest. The Supreme Court instructed lower courts to examine whether probable cause existed for the charged crimes, as well as any other crimes or offenses for which probable cause existed.

Defendants further rely on Louisiana Revised Statute 14:108 which provides, in pertinent part, the following:

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual's acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know, that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.

In his deposition testimony, Johnnie testified that Harrison informed him that APD officers were executing a search warrant as well as securing the building. Harrison made multiple requests that Johnnie leave the building to a location just outside where he had just been smoking a cigarette. Harrison also instructed other employees in the bay area to leave the building; all of them complied, except Johnnie. Defendants have cited a state law and a federal case where the court concluded that an officer was justified in making an arrest when an individual interfered with the course of an investigation by cursing and/or refusing to move when requested by the officer to do so. In the instant case, Johnnie blatantly refused to move to the outside of the building even when asked several times and with full knowledge that an investigation was ongoing through the execution of a search warrant.  We reject plaintiff's argument that because the stolen items had already been placed by the bay area doorway, the

6

investigation was over.  Johnnie's repeated refusal to leave the building in order for police officers to complete their investigation was without a doubt, an interference which hindered Harrison from further performing his duties. Accordingly, we find that the APD and Harrison had probable cause to arrest Johnnie and therefore will dismiss the claims of false arrest under both federal and state law. We further find that plaintiff has failed to establish any constitutional violation under either the Fourth (unlawful arrest) or the Fourteenth (due process) Amendments.[22]

*Qualified immunity*

Johnnie maintains that there are genuine issues of material fact as to the improper motive and purpose for his arrest.  Johnnie insists that the purpose of his arrest was to pressure Jimmie into complying with the APD officers' requests for documents and information.

Qualified immunity protects government officials from civil liability when their actions could reasonably have been believed to be legal.[23] Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[24]A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[25] When qualified immunity is invoked, the burden shifts to the plaintiff to demonstrate the inapplicability of the

---

[22] Johnnie acknowledges that he has no ownership interest or other property rights in the property that was seized and returned to the victim, Bakies. Plaintiff's reply brief, p. 9, R. #50.
[23] Morgan v. Swanson, 659 F.3d 370 (5th Cir. 2011 (en banc) cert. denied, 132 U.S. 2740(2012); Whitley v. Hanna, 726 F.3d 631 (5th Cir. 2013), cert. denied, 134 S.Ct. 1935 (2014).
[24] Malley v. Briggs, 475 U.S. 335, 341, 106 S.CT. 1092 (1986).
[25] Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083 (2011).

defense.[26] If probable cause for an arrest even arguably existed, immunity cannot be lost.[27] A police officer has qualified immunity if he "reasonably but mistakenly concludes that probable cause is present."[28]

We have already concluded that Harrison had probable cause to arrest Johnnie for interfering with the investigation. Johnnie's deposition reveals that Harrison was the only officer involved in his arrest. Johnnie has failed to establish that any official violated a statutory or constitutional right. He has further failed to establish that such a right was clearly established at the time of Johnnie's arrest. Accordingly, the court finds that Harrison is entitled to the defense of qualified immunity. Furthermore, there is no evidence that the defendants, Chris Besson, Ricky Vercher, Lynn Hall, W. Neal Bates, K. Johnson, Chris Ryder, Doug Alfred, Loren Lampert, Jimmy Hay, Lee Leach and Shannon Blackwood played any role in Johnnie's arrest and thus any claims asserted against them by Johnnie must be dismissed as well.

*Louisiana Constitution Article 1, § 5*

> Art. 1 § 5 of Louisiana's Constitution protects against unreasonable searches and seizures and is therefore, analogous to the federal Fourth Amendment. The qualified immunity analysis applied by courts to Fourth Amendment § 1983 claims applies equally to Louisiana constitutional law claims.[29]

After dismissing the unreasonable search and seizure claims made under the Fourth Amendment, Judge Drell held the following:

> Louisiana law is nearly identical to federal law with respect to unreasonable search and seizure claims. Therefore, for the same reasons as discussed above, plaintiff's unreasonable search and

[26] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas, 883 F.2d 400, (5th Cir. 1989).
[27] Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001), cert. denied, 122 S.Ct. 46 (2001).
[28] Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534 (1991).
[29] Town of Jonesville, 2013 WL 265235 (W.D. La. 1/23/13).

seizure claims under the Louisiana Constitution will be dismissed with prejudice.[30]

Accordingly, the court finds that any claims made by Johnnie for violations of Louisiana's Constitution Article 1 § 5 must be dismissed for the same reasons we are dismissing his Fourth Amendment claims.

*Louisiana Constitution Article 1 § 2*

Because plaintiff's due process protections of the Fourteenth Amendment are without merit, plaintiff's due process claims under Article 1 § 2 must also fail.[31]

*State Law property damage claim*

Johnnie alleges that during his arrest, his Rolex watch was damaged by the handcuffs placed on his arms. Johnnie maintains that there is a genuine issue of material fact as to whether or not Harrison acted reasonably in tightening the handcuffs and placing Johnnie in the back of the police car with his hands behind his back.

Defendants maintain that there is no evidence or proof that Harrison was negligent or at fault in placing the handcuffs on Johnnie's wrists. We agree and find that Johnnie has failed to present summary judgment evidence to create a genuine issue of material fact for trial that Harrison was negligent in placing the handcuffs on Johnnie and/or placing him in the police car with his hands behind his back. Accordingly, Johnnie's state law negligence claim will be dismissed.

---

[30] Molette v. City of Alexandria, 2007 WL 2174623 (W.D. La. 7/25/07); see also Bender v. Town of Houma, 2011 WL 1436641 (W.D. La. 4/13/11)(once all Fourth Amendment claims are dismissed, the dismissal of all claims made under La. Const. Art. I § 5, must follow).
[31] Progressive Security Ins. Co. v. Foster, 711 So.2d 675, (La. 4/23/98); see also Chisolm v. Sumlin, 2006 WL 2077979 (W.D. La. 5/31/06).

*Vicarious liability claim against the City, for State Law claims, due to Harrison's actions*

There is no vicarious or supervisor liability claim against Jimmy Hay, Lee Leach and Loren Lampert for the actions of the officer,[32] and Johnnie acknowledges that he is not making such a claim.[33] As to the other officers, there is no evidence submitted to show that they were either at fault and/or negligent for the claims Johnnie is making.  Accordingly, the City of Alexandria cannot be held vicariously liable and will be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted in its entirety as to defendants, the City of Alexandria, Chris Besson, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, Chris Ryder, Doug Alfred, Loren Lampert, Jimmy Hay, Lee Leach and Shannon Blackwood, dismissing all claims made by Johnnie DeRamus.

**THUS DONE AND SIGNED** on this _21st_ day of January, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[32] <u>London v. Ryan</u>, 349 So.2d 1334, 1342 (La. App. 1st Cir. 1977).
[33] Plaintiff's opposition brief, pp. 11 and 13, R. #50.