U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JAN 25 2016
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMIE DERAMUS d/b/a SILVER DOLLAR PAWN & JEWELRY, ET AL | CIVIL ACTION NO. 1:14-03222 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CITY OF ALEXANDRIA, ET AL | MAG. JUDGE PEREZ-MONTES |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #25) wherein defendants, James C. Downs[1], District Attorney of Rapides Parish, and Andy Van Dyke, Assistant District Attorney, move for summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. These defendants maintain that they should be dismissed because the doctrine of respondeat superior is not allowed in a § 1983 claim; alternatively, they seek dismissal based on qualified immunity.

### STATEMENT OF FACTS

Plaintiffs, Jimmie DeRamus and Peggy DeRamus are the owners of the Silver Dollar Pawn and Jewelry ("Silver Dollar"). Silver Dollar holds a license as a pawnbroker under Louisiana Revised Statute 37:1758(B) which permits it to operate as a dealer of new and second hand property. Jimmie and Peggy have a financial interest in the Silver Dollar.

---

[1] Philip Terrell replaced James C. Downs as the District Attorney of Rapides Parish.

1

On June 11, 2014, Brandon Allison executed a Bill of Sale with the Silver Dollar[2] for a chain saw and a pole saw along with a statement on the back that the items were not rented or stolen, and that he (Allison) had a right to enter into the transaction. On June 12, 2014, Allison executed a Bill of Sale with the Silver Dollar[3] for an electric snake tool (Rigid electric snake) with the same statement as the prior sale.

After taking possession and ownership of the items, Silver Dollar put the items on hold in a secure warehouse for a period of thirty days and reported the transaction to local law enforcement agencies as required by statute. Plaintiffs complain that the Chief of Police of the Alexandria Police Department ("APD") had failed to appoint a designee in accordance with Louisiana Revised Statute 37:1782(5)(b).[4]

On or about June 14, 2014, Kendall Bakies noticed items missing from his home. On June 23, 2014, Bakies reported to Corporal Chris Beeson of the APD the following items missing: (1) Rigid, serial number VBM487561213, (2) Stihl KM 85 weed eater, serial number 56179254, (3) Stihl chain saw, serial number 279Z02681, (4) Stihl blower, (5) Stihl Hedger, (6) Stihl pole saw, (7) Stihl extension pole, (8) battery and (9) fishing poles.

After leaving Bakies' home, Beeson went to the Silver Dollar and conducted a search for the missing items including the warehouse area. Beeson located the sewer snake and attempted

---

[2] Plaintiffs' exhibit 2.

[3] Id.

[4] The pertinent provision of the statute is as follows:
> (b) The superintendent of the police of the city or town in which the pawnbroker maintains a pawnshop or his duly authorized designee having been so designated by title or position as one regularly responsible for the inspection and regulation of pawnshops or one designated in writing to enforce the provisions of this Part.

2

to match the serial numbers. Beeson demanded that Jimmie DeRamus deliver possession of the sewer snake. Beeson noted in his report that "DeRamus refused to release the stolen property that he had in his possession or let officers check to see if any of Bakies' other stolen items were in the store."

Even though no perpetrator of the theft was located, Allison was charged with possession of stolen property in violation of Louisiana Revised Statute 14:69(B)(1) to which he plead guilty.

During the time of the alleged incident, defendant, James C. Downs, was the duly elected District Attorney for the 9th Judicial District Court, Rapides Parish, Louisiana. Downs was replaced by Phillip Terrell on January 12, 2015 and is substituted as a defendant pursuant to Federal Rule of Civil Procedure Rule 25(d). In their opposition brief, defendants acknowledge that Downs and/or Terrell had no involvement with the return of the property to Bakies; plaintiffs have no objection to these defendants being dismissed. Accordingly, these two defendants will be dismissed with prejudice.

Neither Van Dyke nor Downs/Terrell were present at Silver Dollar on June 23-24, 2014, nor did they participate in the events of those days. For a complete recitation of the facts that transpired on June 23-24, 2014, see the Memorandum Rulings in this matter dated January 20, 2016[5] and January 21, 2016.[6]

On or about July 1, 2014, defendant, Detective Shannon Blackwood of the APD was contacted by Bakies seeking the return of the afore-mentioned property. At this point, the APD

---

[5] R. #54 and 56.
[6] R. #60.

had executed the search warrant and had possession of the items. On that same day, Blackwood contacted the Rapides Parish District Attorney's office in order to determine if the sewer snake in their possession should be retained to be used as evidence in any future criminal proceedings or if the property could be released to Bakies.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine

---

[7] Fed. R. Civ. P. 56(c).
[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[9] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[10] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[11] Anderson, 477 U.S. at 249.
[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

4

issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[14]

## LAW AND ANALYSIS

With regard to Assistant District Attorney Van Dyke, plaintiff alleges the following:

> The APD and Andy Van Dyke, an assistant district attorney, violated the law by approving the release and delivering the property to Bakies, which deprived Silver Dollar of its possessory security, property rights, and monetary rights, as well as right to due process and a judicial determination of the ownership of the property.[15]

Defendant, Van Dyke, seeks summary judgment in his favor on the basis of qualified immunity.

Qualified immunity protects government officials from civil liability when their actions could reasonably have been believed to be legal.[16] Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[17] A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[18] When qualified

---

[13] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[14] Anderson, 477 U.S. at 249-50.
[15] Complaint, ¶ 23.
[16] Morgan v. Swanson, 659 F.3d 370 (5th Cir. 2011)(en banc) cert. denied, 132 U.S. 2740(2012).; Whitley v. Hanna, 726 F.3d 631 (5th Cir. 2013), cert. denied, 134 S.Ct. 1935 (2014).
[17] Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).
[18] Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083 (2011).

immunity is invoked, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[19]

Bakies contacted APD officer Blackwood seeking the return of his property. Bakies was self-employed and relied on the stolen equipment to work. Furthermore, he did not have the money to buy new equipment.[20] In an attempt to assist Bakies in having his property returned, Blackwood contacted the District Attorney's office to find out if the stolen items should be retained for future prosecution, or if they could be released to Bakies. In response, Ray Delcomyn, an investigator with the DA's office faxed a letter[21] which indicates that Mr. Delcomyn's knowledge of the events that transpired regarding the stolen property was limited to Blackwood's inquiry as to whether or not stolen property could be returned to the rightful owner. Delcomyn advised that the DA's office had no problem with returning the stolen property to the rightful owner as long as the owner "provided proof of ownership (i.e. receipts from purchase and full descriptions with serial numbers); the items are photographed prior to release, and photographed so as to show, visually, the item(s) and the serial numbers on them." The letter further stated as follows:

> As our office does not have a case file yet, our office makes no comment of judgement concerning the seizure of the evidence, from where ever it was seized from. Our office is relying on the Police investigation to establish the rightful owner of the property.[22]

---

[19] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas 883 F.2d 400, (5th Cir. 1989).
[20] Defendants' exhibit C, Blackwood depo. p. 42.
[21] Defendants' exhibit C, exhibit 1, attached to Blackwood depo.
[22] Id.

6

In giving this advice to the APD, the DA's office was relying on Louisiana Revised Statute 46:1844L which provides as follows:

> **L. Return of property to victim or family of victim.** All judicial and law enforcement agencies shall expeditiously return any stolen or other personal property to victims or victims' families when no longer needed as evidence.

As noted by defendants, the rights of plaintiffs in this lawsuit were not presented to the DA's office for resolution, nor was it addressed by that office. In other words, the DA's office was not aware of the dispute between the Silver Dollar, the plaintiffs, Bakies and or the APD. Furthermore, Bakies agreed to keep the stolen evidence and present it at any future criminal trial, if necessary. We do not find the DA's letter of advice to be a constitutional violation of plaintiffs' rights. As noted by defendants, there is a complete absence of evidence that Van Dyke acted with any animus towards plaintiffs. Accordingly, we find that Van Dyke is entitled to qualified immunity and should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice James C. Downs and/or Phillip Terrell, District Attorney of Rapides Parish, and Andy Van Dyke, Assistant District Attorney.

**THUS DONE AND SIGNED** in chambers on this 25th day of January, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE