U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 7 2016

TONY R. MOORE, CLERK
BY _____ MB _____
                    DEPUTY

### UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMIE DERAMUS d/b/a SILVER DOLLAR PAWN & JEWELRY, ET AL | CIVIL ACTION NO. 1:14-03222 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CITY OF ALEXANDRIA, ET AL | MAG. JUDGE PEREZ-MONTES |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment on Behalf of Doug Alfred, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, and Chris Ryder" (R. #32) wherein the movers seek to have the claims of plaintiffs, Jimmie DeRamus and Peggy DeRamus d/b/a Silver Dollar Pawn and Jewelry, dismissed with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### STATEMENT OF FACTS

Jimmie DeRamus and Peggy DeRamus, d/b/a the Silver Dollar Pawn and Jewelry ("Silver Dollar") hold the license of a pawnbroker by the Office of Financial Institutions of the State of Louisiana ("OFI"). The pawnbroker license permits the Silver Dollar to operate as a dealer of new and second hand property. Silver Dollar is known as Home of History Channel's *Cajun Pawn Stars*, a television program distributed worldwide.  Jimmie DeRamus, Peggy DeRamus, Tammie DeRamus and Johnny DeRamus are the stars of the television program, *Cajun Pawn Stars* reality television show; they each derive income from the show.

On June 12, 2014, Brandon Allison executed a Bill of Sale for an electric snake tool (Rigid electric snake) with a statement on the back that the items were not rented or stolen, and that he had a right to enter into the transaction. Allison also executed a Bill of Sale on June 11, 2014 for a chain saw and a pole saw with that same statement on the back. These forms were approved by the OFI for use by Silver Dollar for all transactions, including sales.

Silver Dollar put the items in holding for a period of thirty days in a secure warehouse in the rear of the building and reported the transactions to local law enforcement agencies, including the APD; Silver Dollar also provided by facsimile the "transactional information" as defined under La R.S. 37:1782(16), in accordance with Louisiana Revised Statute 37:1796 and 1798.

Plaintiffs complain that neither the Chief of Police for APD, nor the sheriff of Rapides Parish have selected how transactional information is furnished as permitted under Louisiana Revised Statute 37:1798(A)(1). Silver Dollars also states that the Chief of Police did not appoint a designee in accordance with Louisiana Revised Statute 37:1782(5)(b). The statute requires that a person be appointed to be authorized by title or position to be regularly responsible for the inspection and regulation of pawn shops or a person designated in writing to enforce provisions of Louisiana Revised Statute 37:1781, *et seq*. Specifically, Plaintiffs state that the following officers were not designated in accordance with the statute to be regularly responsible for the inspection and regulation of pawnshops or a person designated in writing to enforce the provisions of Louisiana Revised Statute 37:1781, *et seq*.: Chris Beeson, Ricky Vercher, Patrick Harrison, Shannon Blackwood, Lynn Hall, W. Neal Bates, K. Johnson, Chris Ryder and Doug Alfred.

Plaintiffs further state that these officers were not authorized under Louisiana Revised Statute 37:1797 to inspect the records maintained by Silver Dollar related to the transactions with Allison.

On or about June 14, 2014 Kendall Bakies noticed that items were missing from his home, but he did not immediately report them missing to the police.[1] On June 23, 2014, Bakies reported the items missing to Corporal Chris Beeson of the Alexandria Police Department ("APD").  Shortly after completing the Incident Report and preparing the narrative report, Beeson went to the Silver Dollar and requested permission to search the premises.  Beeson located the sewer snake that Bakies reported missing and attempted to match the serial numbers.  Beeson requested that DeRamus deliver the sewer snake to him.  Beeson reported that "DeRamus refused to release the stolen property that he had in his possession or let officers check to see if any of Bakies' other stolen items were in the store."

On June 24, 2014, a report of stolen property, belonging to Bakies and seen at the Silver Dollar was referred to detectives in the property crimes section of the Alexandria Police Department.  Defendant, Sergeant Neal Bates was the acting lieutenant in the property crimes section at the time.  Defendant, Sergeant Richard Vercher was the supervising officer in the property crimes section.  Sgt. Vercher assigned the case to Detective Shannon Blackwood.

Detectives Blackwood and Doug Alford prepared a search warrant and affidavit of probable cause to search the Silver Dollar for Bakies' stolen property. Det. Blackwood presented

---

[1] The missing items included a (1) Rigid sewer snake, (2) Stihl KM 85 weedeater, (3) Stihl chain saw, (4) Stihl blower, (5) Stihl Hedger, (6) Stihl pole saw, (7) Stihl extension pole, (8) battery and (9) fishing poles.

the search warrant to Judge George C. Metoyer, Jr. of the Ninth Judicial District Court. Judge Metoyer signed the warrant authorizing the search of the Silver Dollar for the stolen items.

The following Alexandria Police Department (APD) officers were involved in executing the warrant on June 24, 2014: (1) Sergeant Neal Bates, (2) Sergeant Richard Vercher, (3) Det. Shannon Blackwood, (4) Det. Doug Alford, (5) Det. Len Hall, (6) Det. Patrick Harrison, and (7) Det. Scott Ryder. The DeRamuses were not cooperative during the APD officers' search of the Silver Dollar. Initially, the DeRamuses refused to produce the bills of sale showing who had sold Bakies' property; consequently, Sgt. Vercher issued an order to shut down the store.

The officers ultimately recovered Bakies' stolen weedeater, chainsaw, hedge trimmer, pole saw, extension pole and bills of sale related to the secondhand deal transactions. Based on this evidence, Det. Blackwood arrested Brandon Allison for possession of stolen property, two counts of theft for selling Bakies' property to the Silver Dollar and Abe's Pawn Shop. After retrieving the items, Blackwood gave the DeRamuses a warrant return showing that the items had been seized; several days later, Det. Blackwood gave the DeRamuses a pawnshop restitution form.

Bakies was self-employed and needed the equipment to earn a living. Consequently, several days after the items were seized by the APD, Bakies contacted Det. Blackwood to inquire if the APD would release the property to him. Det. Blackwood called the Rapides Parish District Attorney's Office for advice and was told that she could release the property to Bakies as long as Bakies did not get rid of it pending the outcome of the criminal matter.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6]  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[9]

---

[2] Fed. R. Civ. P. 56(c).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[5] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[6] Anderson, 477 U.S. at 249.
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[9] Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

In the instant complaint, plaintiffs, Jimmie DeRamus, and Peggy DeRamus, make the following claims: (1) illegal search and seizure under the Fourth Amendment, (2) violation of plaintiffs' Fourteenth Amendment due process rights, (3) corresponding violations under the Louisiana state constitution. This motion addresses only the claims made by Jimmie and Peggy DeRamus and do not include any claims made against defendant, Shannon Blackwood. Defendants, Doug Alfred, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, and Chris Ryder maintain that Jimmie and Peggy DeRamuses' claims must fail as a matter of law and the officers are entitled to quailed immunity.  Thus, these defendants seek to have all claims asserted against them by Jimmie and Peggy DeRamus dismissed with prejudice.

*Qualified immunity*

These defendants maintain that they are entitled to qualified immunity.  They assert that the warrant they executed was valid, thus none of them committed an illegal search and seizure, nor did they violate DeRamus's right to procedural due process.

Qualified immunity protects government officials from civil liability when their actions could reasonably have been believed to be legal.[10] Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[11]A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that

---

[10] Morgan v. Swanson, 659 F.3d 370 (5th Cir. 2011)(en banc) cert. denied, 132 U.S. 2740(2012).; Whitley v. Hanna, 726 F.3d 631 (5th Cir. 2013), cert. denied, 134 S.Ct. 1935 (2014).
[11] Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

the right was 'clearly established' at the time of the challenged conduct."[12] When qualified

immunity is invoked, the burden shifts to the plaintiff to demonstrate the inapplicability of the

defense.[13]

Defendants maintain that they are entitled to qualified immunity because plaintiffs have

failed to state a viable § 1983 claim which could arise from the APD officers' execution of the

search warrant at the Silver Dollar on June 24, 2016. Defendants argue that because the search

warrant was based on probable cause, thus making it valid, none of the officers committed an

illegal search and seizure.  Hence, their actions on June 24, 2015 could not have violated plaintiffs'

due process rights.

Plaintiffs maintain that the search and later seizure of the stolen items was a violation of

their Fourth, Fifth and Fourteenth Amendment rights. In addition to other civil code articles,

plaintiffs rely on Louisiana Revised Statute 37:1805(B) which proves that:

> [w]hen a pawnbroker acquires a thing which has been
> deemed stolen pursuant to Section C, the pawnbroker shall return
> the thing to the owner at no cost.

Section C provides that:

> [w]hen ownership of a thing is disputed, final determination as to
> ownership for the purposes of this Part shall be made in either a
> civil or criminal proceeding filed in a Louisiana court of competent
> jurisdiction.

---

[12] Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083 (2011).
[13] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas 883 F.2d 400, (5th Cir. 1989).

Plaintiffs complain that the items retrieved during the execution of the search warrant were returned to Bakies, (the owner of the stolen items) within a week without notice to plaintiffs and without the requisite hearing to determine ownership. Plaintiffs assert that it was improper for Blackwood and/or the District Attorney to determine that Bakies was entitled to have the property returned to him.

Plaintiffs rely on <u>Wolfenbarger v. Williams</u>,[14] wherein the court ultimately held that the defendant officers were not entitled to qualified immunity when they seized property from a pawnshop. Plaintiffs equate Oklahoma's pawnshop statutes with those found here in Louisiana. Oklahoma law requires pawn brokers to permit police officers and others to inspect goods in their store that may have been stolen or embezzled.[15] Oklahoma law further provides that when police officers come into custody of stolen property, they must deliver the property to a magistrate who, upon satisfactory proof of title of the owner of the property, may order that the property be delivered to the owner.[16]

In so holding, the court recognized that a pawn shop owner's interest in pledged goods, even though they were stolen, was sufficient to support a claim under 42 U.S.C. § 1983. The seizure of the property deprived the plaintiff of her goods without due process of law. In finding that the defendant police officers were not entitled to qualified immunity, the court further held that defendants should have known they were violating the plaintiff's constitutional rights.

---

[14] 826 F.2d 930, 933 (10th Cir. 1987).
[15] Okla.Stat.tit. 21, § 1092 (1981).
[16] Okla.Stat.tit. 22, § § 1321, 1322 (1981).

However, as noted and argued by defendants in this case, there was no valid search warrant in Wolfenbarger. In the instant suit, a search warrant was obtained because of Jimmie DeRamus's uncooperative demeanor exhibited the prior day when officers attempted to inquire as to the stolen items.

Plaintiffs then argue that the search warrant was not valid because it was sought in bad faith, and that the information presented to the judge issuing the warrant misrepresented the facts. The intent of an officer in seeking a warrant is irrelevant in establishing liability.[17] "A police officer has probable cause to conduct a search when the facts available to [him] would warrant a [person] of reasonable caution in the belief that contraband or evidence of a crime is present."[18] "When seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process as well."[19]

The court finds that plaintiffs have failed to submit any evidence to show that the warrant was sought in bad faith. The evidence reveals that the sole reason the warrant was sought was because of the lack of cooperation by Jimmie DeRamus and/or the Silver Dollar on June 23, 2014. The court has carefully reviewed the video of the execution of the search warrant and we are further convinced by the video, that Jimmie DeRamus and the employees of the Silver Dollar were entirely disrespectful of the police officers and hindered their investigation and execution of the warrant, all of which could have been prevented. While the video portrays the execution of the search warrant, and not the events that transpired the day before which caused the APD

---

[17] Daniel v. Compass, 212 F.App'x 262, 267 (5th Cir. 2006)(per curiam).
[18] Florida v. Harris, 133 S.Ct. 1050, 1055 (2013)(internal quotations marks omitted).
[19] Sanders v. City of San Diego, 93 F.3d 1423, 1429 (9th Cir. 1996).

to seek a search warrant, it certainly buttresses this court's opinion that Jimmie and the Silver Dollar were not going to cooperate with the officers when they attempted to retrieve the stolen goods.

Plaintiffs also contend that the Assistant District Attorney had written a memorandum in 2007 which provided that guidelines for law enforcement to use to take possession of property and retain the property pending a determination of ownership by a court. Plaintiffs then assert that in the past, such procedures were utilized by the APD. Therefore, the officers should have known that deviating from that known procedure was a clear violation of plaintiffs' constitutional rights. We disagree. The law also allows the use of a search warrant in order to obtain evidence. The pawn shop laws cannot and do not eliminate the authority granted when a valid search warrant is obtained. Thus, we find no constitutional violation of plaintiff's rights and further find that defendants are entitled to qualified immunity. We further find that for the same reasons, the defendants are entitled to state law qualified immunity.

Finally, the court finds that the APD was justified in closing the Silver Dollar for the limited time period in order to execute the search warrant because of the DeRamus's refusal to cooperate with the search.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice the claims of Jimmie and Peggy DeRamus against defendants, Doug Alfred, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, and Chris Ryder.

**THUS DONE AND SIGNED** in chambers on this 27 th day of January 2016.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE