RECEIVED
JAN 29 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMIE DERAMUS d/b/a SILVER DOLLAR PAWN & JEWELRY, ET AL | CIVIL ACTION NO. 1:14-03222 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CITY OF ALEXANDRIA, ET AL | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment on Behalf of Chris Besson" (R. #33) wherein this defendant seeks to have the claims of plaintiff, Jimmie DeRamus and Peggy DeRamus d/b/a Silver Dollar Pawn and Jewelry, summarily dismissed with prejudice under Rule 56 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

On June 11, 2014, Brandon Allison executed a Bill of Sale with the Silver Dollar Pawn and Jewelry ("Silver Dollar") for a chain saw and a pole saw. The back of the Bill of Sale, included a statement that the items were not rented or stolen, and that Allison had the right to enter into the transaction. On June 12, 2014, Allison executed another Bill of Sale with the Silver Dollar for an electric snake. This Bill of Sale also included a statement that the items were not rented or stolen, and that Allison had the right to enter into the transaction.[1]

---

[1] The forms utilized by the Silver Dollar were approved by the OFI for use in all transactions, including sales.

1

After taking possession of these items, the Silver Dollar put the items in storage in a secured warehouse and reported the transactions to local enforcement agencies as required by statute.[2] Plaintiffs complain that neither the chief of police for APD nor the sheriff of Rapides has selected how transactional information is furnished under Louisiana R. S. 37:1798(A)(1). We find that this statement is irrelevant to our analysis. Plaintiffs also complain that the Chief of Police for the ADP has not appointed a designee as a person authorized by title or position to be regularly responsible for the inspection and regulation of pawnshops, or a person designated in writing to enforce provisions of Louisiana Revised Statute 37:1781 *et seq.* in accordance with Louisiana Revised Statute 1782(5)(b). We find this statement is also irrelevant to our analysis. Plaintiffs then complain that none of the officers that were involved in the investigation on June 23, 2014 and June 24, 2014 were "law enforcement officer(s)" designated by the Chief of Police of the APD in accordance with Louisiana Revised Statute 37:1782(5)(b), nor were these officers authorized under Louisiana Revised Statute 37:1797 to inspect the records maintained by the Silver Dollar with regard to the transactions with Allison in accordance with Louisiana Revised Statute 37:1796 and 1798. Again, we find this irrelevant.

On June 23, 2014, Kendal Bakies contacted the Alexandria Police Department ("APD") and reported several items that had been stolen from his home the week before. The stolen items included a chainsaw, pole saw, hedge trimmer, backpack blower, fishing poles, trolling motor and an electric sewer snake. The APD dispatched patrol officer, Corp. Christopher Besson, to Bakies' home to investigate. Bakies informed Besson that he had seen a sewer snake at the Silver Dollar[3]

---

[2] La. R. S. 37:1782(16), 37:1796 and 1798.
[3] The Silver Dollar operates as both a pawn shop and a dealer of second hand goods under Louisiana Revised Statute 37:1785. It is known as Home of History Channel's *Cajun Pawn Stars,* a television program distributed worldwide.

that looked like the one that had been stolen. Bakies showed Besson the original box for the sewer snake, which had the serial number on it and a picture of the item.

Besson and an officer in training[4] went to the Silver Dollar to investigate. Besson spoke with Harold Anderson, a Silver Dollar employee, about Bakies' report that he had seen the snake in the store earlier that day. After describing the snake, Anderson confirmed that the store had a sewer snake matching that description. Besson asked Anderson if he could look at the snake and try to match the serial numbers. Anderson agreed. While Besson was attempting to match the serial numbers, another Silver Dollar employee grabbed the pawn tag from the sewer snake and told Besson to follow him to the manager's office.

Jimmie DeRamus, the owner of the Silver Dollar,[5] confronted Besson and started cursing at him, informing him that he had no business in the store, that he was conducting an unlawful raid, he was violating pawn shop laws, and that only detectives could investigate pawn shops. Besson demanded that DeRamus deliver possession of the sewer snake so he could return it ot Bakies. Besson noted in his report that "DeRamus refused to release the stolen property that he had in his possession or let officers check to see if any of Bakies' other stolen items were in the store." Jimmie insisted that Besson and the officers leave the Silver Dollar and further told Besson to call his supervisor. Sometime thereafter, Besson's supervisor Sgt. Distefano arrived and instructed Besson and his officers to wait in the car while he spoke with Jimmie.

---

[4] There was another APD officer and his trainee that heard over the radio of the investigation at Silver Dollar involving allegedly stolen goods. Those two officers appeared at the Silver Dollar of their own initiative.
[5] Peggy DeRamus is also an owner of the Silver Dollar.

After his discussion with Jimmie, Distefano advised Besson to finish his report, refer the matter to detectives, and let them follow up with the matter the following morning. Besson complied and had no further involvement in the investigation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[6] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[7] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[8] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[9] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[10] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[11] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party,

---

[6] Fed. R. Civ. P. 56(c).
[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[8] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[9] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[10] Anderson, 477 U.S. at 249.
[11] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

4

no reasonable trier of fact could find for the non-moving party.[12] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[13]

## LAW AND ANALYSIS

Jimmie and Peggy DeRamus claim that Alexandria Police Department officer Christopher Besson violated their Fourth Amendment rights when he entered the Silver Dollar on June 23, 2014. Plaintiffs claim that Besson conducted an illegal search by investigating the claims of Kendal Bakies. As noted, Bakies reported to Besson that several items had been stolen from his home. After informing Besson that Bakies thought he had located the electric sewer snake at the Silver Dollar, Bakies went to the store to investigate and/or inquire if the stolen items were indeed at the Silver Dollar.

The instant motion addresses only the claims of Jimmie and Peggy DeRamus against Besson and involves only the incident on June 23, 2014. Besson maintains that the plaintiffs' claims fail as a matter of law and that he is entitled to qualified immunity. Besson seeks to be dismissed from the lawsuit with prejudice.

*Failure to state a claim*

Besson maintains that he did not violate the Fourth Amendment when he entered the Silver Dollar to investigate or search for Bakies' stolen property. "The Fourth Amendment, made applicable to the States by the Fourteenth Amendment provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects against unreasonable

---

[12] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[13] Anderson, 477 U.S. at 249-50.

searches and seizures, shall not be violated. . . ."[14] "An expectation of privacy in commercial premises, however, is different from, and indeed less than, a similar expectation in an individual's home. This expectation is particularly attenuated in commercial property employed in 'closely regulated' industries."[15] "Legislative schemes authorizing warrantless administrative searches of commercial property do not necessarily violate the Fourth Amendment."[16]

Under Louisiana law, pawnshop owners and secondhand dealers are subject to pervasive regulations.[17] In exchange for a pawnshop license, the pawnshop owners must keep their records open for inspection by a designated police officer.[18] The pawnshop statutes allow any police officer to seize allegedly stolen property from a pawnshop during a criminal proceeding.[19]

Pawnbrokers may also operate as a new and secondhand dealer but must comply with the more stringent secondhand dealer statutes.[20] One such statute requires the pawnbroker operating as a secondhand dealer to "keep the purchased goods, articles, or things on the premises of the secondhand dealer's business location. . . [and] secondhand dealer shall make the item immediately available upon request by a law enforcement agency."[21]

The Louisiana Supreme Court has held that the secondhand dealer statutes give police the power to conduct a constitutionally permissible warrantless inspection of a secondhand

---

[14] Soldal v. Cook Cnty, Ill, 506 U.S. 56, 61 (1992).
[15] New York Burger, 482 U.S. 691, 700 (1987)(internal citations omitted).
[16] Donovan v. Dewey, 452 U.S. 594, 598 (1981).
[17] La. R.S. 37:1781 ("Louisiana Pawn Shop Act"); La. R.S. 37:1861 ("Louisiana Secondhand Dealer Act").
[18] La. R.S. 37:1797.
[19] Top Dollar Pawn, Gun & Car Audio #5, L.L.C. v. Shaw, 2015 WL 5579734, at *2 (5th Cir. Sept. 23, 2015)(per curiam)(quoting La. R.S. 37:18.
[20] La. R.S. 37:1785(B).
[21] La. R.S. 37:1867.

6

dealer's store for stolen property.[22] The lawfulness of the search does not depend upon consent. Rather, it depends on the authority of a valid statute."[23] In Barnett, the court held that:

> [w]hen a dealer chooses to engage in this regulated business [secondhand dealers] and seeks a state license, he does so with the knowledge that his business records and the goods he purchases will be subject to effective inspection.
>
> We have little difficulty in concluding that where, as here, regulatory inspections further urgent state interest, and the possibilities of abuse and the threat to privacy are not of important dimensions, the inspection may proceed without a warrant where specifically authorized by statute.[24]

Besson argues that under the secondhand dealer statutes, he had every right to enter the Silver Dollar without a warrant, and also to take the sewer snake as evidence. Hence, he maintains that as a matter of law, he did not violate the Fourth Amendment because the secondhand dealer statutes give law enforcement officers the power to conduct warrantless inspections and to seize stolen property.[25]

Plaintiffs argue that Louisiana Revised Statute 37:1862.1 provides that secondhand dealers (under Revised Statute 37:1785) do not have to comply with the provisions of Revised Statutes 37:1864, 1864.1, 1864.3, 1865, and 1866. While that is correct, secondhand dealers are subject to the reporting requirements of Revised Statutes 37:1796, 1797 and 1798 and the inspection requirements of Revised Statute 37:1867.

---

[22] State v. Barnett, 389 So.2d 352, 355-56 (La.1980).
[23] Id.
[24] Id. at 356.
[25] La.R.S. 37:1867.

7

Revised Statute 37:1797 provides that the "records maintained pursuant to R.S. 37:1796[26] shall at all times be open to the inspection of the appropriate law enforcement officer. . . ."

Be that as it may, Besson asked the manager in charge, Mr. Harold Anderson, if he could look at the electric sewer snake and try to match the serial number with that given to him by Bakies. Anderson voluntarily took Besson to the sewer snake and allowed him to look at it. The court finds that this is clearly not an illegal search, and there was definitely not a seizure of any property made by Besson.

After Jimmie requested that Besson call his supervisor, Besson complied and eventually left the premises without seizing or any further searching for the stolen property. Louisiana Revised Statute 37:1867 requires a secondhand dealer to make an item available if so requested by a law enforcement agency, and Louisiana Revised Statute 37:1797(B) allows an appropriate law enforcement officer to inspect records at all times. This court finds that Besson's actions on June 23, 2014 at the Silver Dollar was entirely appropriate. Thus, we conclude that there was no constitutional violation, at either the state or federal level. Accordingly, the court finds that plaintiffs have failed to state a claim against defendant, Besson.

*Qualified immunity*

Qualified immunity protects government officials from civil liability when their actions could reasonably have been believed to be legal.[27] Qualified immunity protects "all but the plainly

---

[26] R.S. 37:1796 requires pawnbrokers to maintain records for a period of two years as to personal identifiable information and transactional information for each pawn transaction.
5(D)).[27] Morgan v. Swanson, 659 F.3d 370 (5th Cir. 2011)(en banc) cert. denied, 132 U.S. 2740(2012); Whitley v. Hanna, 726 F.3d 631 (5th Cir. 2013), cert. denied, 134 S.Ct. 1935 (2014).

8

incompetent or those who knowingly violate the law."[28] A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[29] When qualified immunity is invoked, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[30]

Besson maintains that he is entitled to qualified immunity because plaintiffs have failed to state a viable § 1983 claim. Based on our finding and/or conclusion stated herein, that Besson did not violate a statutory or constitutional right, then we must necessarily also find that Besson is entitled to qualified immunity as to plaintiffs' claims at the federal and state level.[31]

## CONCLUSION

For the reasons stated herein-above, the court will grant the instant motion for summary judgment and dismiss with prejudice plaintiffs, Jimmie DeRamus and Peggy DeRamus's claims against defendant, Officer Christopher Besson.

**THUS DONE AND SIGNED** in chambers on this 29th day of January, 2016.

_____
**JUDGE JAMES T. TRIMBLE, JR
UNITED STATES DISTRICT JUDGE**

---

[28] Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

[29] Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083 (2011).

[30] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas, 883 F.2d 400, (5th Cir. 1989).

[31] "Louisiana's highest court, in line with our sister courts,[has] found that Art. I, § 5 of the Louisiana Constitution's protection against unreasonable searches and seizures is akin to that of the Fourth Amendment to the Constitution of the United States." N.S. v City of Alexandria, 2014 WL 4274108, at *4 (W.D. La. Aug. 28, 2014)