U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 23 2016

TONY R. MOORE, CLERK
BY: _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMIE DeRAMUS, ET AL | CIVIL ACTION NO. 1:14-03222 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CITY OF ALEXANDRIA, ET AL | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court are three motions: (1) "Motion for Attorneys' Fees and Costs (R. #85) filed by the City of Alexandria, Loren Lampert, Jimmy Hay, Lee Leach, Doug Alfred, Ricky Vercher, Patrick Harrison, Lynn Hall, W. Neal Bates, K. Johnson, Chris Besson and Chris Ryder, (2) "Motion for Attorneys' Fees and Costs" (R. #92) filed by Shannon Blackwood, and (3) "Motion for Attorney Fees (R. #94) filed by James C. Downs/Phillip Terrell, District Attorney for Rapides Parish and Andy Van Dyke, Assistant District Attorney wherein these parties, as the prevailing parties in this lawsuit request attorney fees pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54 against plaintiffs, Jimmie and Peggy DeRamus, d/b/a Silver Dollar Pawn, & Jewelry, Tammie DeRamus-Credeur and Johnnie DeRamus.

## PROCEDURAL HISTORY

On October 8, 2014, plaintiffs filed the instant lawsuit in state district court; shortly thereafter it was removed to federal court due to the presence of federal claims. After discovery, numerous motions for summary judgment were filed seeking the dismissal of all the claims based

1

on various defenses.[1] After responses and replies were filed by the parties, the court issued Memorandum Rulings and Judgments.[2] The rulings dismissed with prejudice all of plaintiffs' claims against each and every defendant finding no law or facts to support any of the claims alleged by plaintiffs.

Defendants have filed the instant motions for attorney fees and costs pursuant to 42 § 1988(b) which states that "[i]n any action or proceeding to enforce . . . [seciton1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. On April 20, 2016. The undersigned issued an order for defendants to file a supplemental memorandum to give the court supportive authority as to how to allocate defendants' attorney fees as to each plaintiff and/or to address the issue of solidarity. On April 22, 2016, the Clerk of Court issued a taxation of costs in favor of all defendants.

## LAW AND ANALYSIS

Congress has authorized the award of attorney fees to the "prevailing party" in numerous statutes including 42 U.S.C. § 1988. Courts have recognized that defendants can qualify as the prevailing party;[3] however, the standard for awarding attorney's fees is more stringent for the defendant than when the plaintiff is the prevailing party.[4] Permitting a successful defendant to recover attorney's fees is intended to protect against "'burdensome litigation having no legal or factual basis.'" In other words, "§ 1988 serves to relieve a defendant of expenses attributable to

---

[1] See R. # 25, 29, 30, 31, 32, 33, and 37.
[2] R. # 54, 55, 72, 56, 57, 60, 61, 54, 66, 70, 71, 83, and 84.
[3] Dean v. Riser, 240 F.3d 505, 507-508 (5th Cir. 2001).
[4] Id. at 508.

2

frivolous charges."[5] When a plaintiff acts wrongly in leveling allegations against a defendant, "the court may shift to him the reasonable costs that those claims imposed on his adversary."[6] A finding of bad faith is not a prerequisite to awarding fees to a prevailing defendant, but "if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorneys' fees incurred by the defense."[7]

A prevailing civil rights defendant may recover attorney's fees only "'upon finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'"[8] To recover attorney's fees, a prevailing defendant must show that the plaintiff's civil rights action "was vexatious, frivolous, or otherwise without merit."[9] The dismissal of a plaintiff's case does not, standing alone, establish that the claim itself was unreasonable, frivolous, or otherwise without merit, and the burden of showing these underlying factors remains upon the defendant.[10]

Frivolousness is determined by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful.[11] Under Myers, the Fifth Circuit looks to the following three factors when determining frivolity: (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle; and (3) whether the district court dismissed the case without a trial.[12]

---

[5] Fox v. Vice, 563 U.S. 826, 131 S.Ct. 2205, 2214 (2011).
[6] Id.
[7] Christianburg Garment Co v. EEOC, 434 U.S. 412, 422 (1978).
[8] Id. at 508.
[9] Id.
[10] Id. at 512.
[11] Myers v. City of West Monroe, 211 F.3d 289 (5th Cir. 2000); Walker v. City of Bogalusa, 168 F.3d 237 (5th Cir. 1999); United States v. Mississippi, 921 F.2d 604 (5th Cir. 1991).
[12] Myers, 211 F.3d at 292.

Once a court has determined that a movant is entitled to attorney's fees, then it must determine the amount, and the calculation of reasonable attorney's fees involves a well-established two-step process.[13] Step one calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers.[14] In the second step, the court considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case utilizing the factors in Johnson v. Georgia Highway Express, Inc.,[15] which are as follows: (1) the time and labor involved, (2) the customary fee charged, (3) the amount involved and the results obtained, and (4) the experience, reputation and ability of counsel.

*City of Alexandria defendants[16]*

The City of Alexandria defendants move the court to award attorney's fees and costs for a total amount of $67,459.70.[17]

The City of Alexandria defendants first informs the court of the various and numerous defenses they asserted in this lawsuit as well as this court's rulings on the motions for summary judgment dismissing with prejudice all of plaintiffs' claims. The City of Alexandria defendants maintain that it is apparent from these rulings that plaintiffs' allegations failed to support any constitutional violation as alleged in the complaint.

---

[13] Migis v. Pearle Visions, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998).
[14] La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995).
[15] 488 F.2d 714, 717-19 (5th Cir. 1974) abrogated on different grounds, 489 U.S. 87 (1989).
[16] City of Alexandria, Loren Lampert, Jimmy Hay, Lee Leach, Doug Alfred, Vercher, Patrick Harrisons, Lynn Hall, W. Neal Bates, K. Johnson, Chris Besson and Chris Ryder
[17] $62,929.50 attorney's fees + $4,530.20 = $67,459.70.

In particular, this court in granting the motion for summary judgment dismissing the City of Alexandria, Lampert, Hay and Leach found that plaintiffs failed to establish any civil rights violations because there was no testimony or evidence that (1) Lampert, Hay, or Leach failed to supervise or train any subordinate, (2) there was a causal link between the alleged failure and the alleged violation of plaintiffs' rights, or (3) any alleged failure to train or supervise amounted to deliberate indifference. Furthermore, the court found that there was no evidence that Lampert, Leach, or Hay reasonably believed that they had violated any constitutional right.[18]

In the memorandum ruling dismissing with prejudice the claims of Tammie DeRamus-Credeur against defendants, the City of Alexandria, Besson, Vercher, Harrison, Hall, Bates, Johnson, Ryder, Alford, Lampert, Hay, Leach, and Blackwood, the court found that Tammie had no liberty or property interest in the Silver Dollar, thus she had no Fourteenth Amendment due process violation.[19] The court further concluded that Tammie's § 1983 claims against defendants, the City of Alexandria, Lampert, Leach and Hay failed because Tammie failed to produce evidence to establish any element of her claim.

In the memorandum ruling dismissing with prejudice the claims asserted by Johnnie DeRamus against defendants, the City of Alexandria, Besson, Vercher, Harrison, Hall, Bates, Johnson, Ryder, Alford, Lampert, Hay Leach and Blackwood, the court concluded (1) the Alexandria Police Department had probable cause to arrest Johnnie, thus Johnnie failed to establish any constitutional violation, (2) there was no evidence the defendants, Besson, Vercher, Hall, Bates, Johnson, Ryder, Alfred, Lampert, Hay, Leach and Blackwood played any role in

---

[18] R. #54, pp. 8-9.
[19] R. #56, p. 5.

Johnnie's arrest, and Harrison was entitled to qualified immunity, (3) Johnnie failed to produce evidence or proof that Harrison was negligent or at fault in placing the handcuffs on Johnnie and/or placing him in the police car with his hands behind his back, and (4) there was no evidence to establish any claim of vicarious liability against the City of Alexandria.[20]

In the court's memorandum ruling granting the motion for summary judgment in favor of defendants, Alford, Vercher, Harrison, Hall, Bates, Johnson, and Ryder and dismissing with prejudice the claims alleged by Jimmie and Peggy DeRamus, the court noted that (1)the DeRamuses were not cooperative during the execution of the search warrant, (2) the search was issued because of Jimmie DeRamus' conduct the previous day, (3) there was no evidence of bad faith with regard to the search warrant, (4) Jimmie and his employees were disrespectful to the police officers, (5) the shut down of the store was warranted, (6) Jimmie and his employees hindered the execution of the search warrant, (7) the entire incident could have been prevented, and (8) the pawn shop laws do not eliminate the authority granted when a valid search warrant is obtained.[21]

In the Memorandum Ruling dismissing with prejudice Jimmie and Peggy DeRamus' claims against defendant, Besson, the court found that Besson's actions on June 23, 2014 were entirely appropriate, therefore, there was no constitutional violation at either the federal or state level.[22]

In the Memorandum Ruling dismissing with prejudice the claims made by Jimmie and Peggy DeRamus against defendant, Blackwood, the court held that Blackwood's reliance on the

---

[20] R. #60.
[21] R. #365, pp. 9-10.
[22] R. #70, p. 8.

District Attorney's advice was proper concluding that there was no impropriety in returning the stolen property to its rightful owner and therefore no constitutional violation.[23] In that same ruling, the court also dismissed with prejudice all claims of vicarious liability against the City of Alexandria finding that all claims against all officers had been dismissed.[24]

The City of Alexandria defendants maintain that none of the claims asserted by plaintiffs were supported in fact or law, and that at the onset of this litigation, through their answer which contained the relevant affirmative defenses, plaintiffs were put on notice that their claims lacked merit. Furthermore, plaintiffs were put on notice of the lack of merit to their claims through the Rule 26 Disclosures and discovery that was exchanged and provided to plaintiffs. And finally, the City of Alexandria refers the court to a letter dated December 4, 2015 wherein counsel for defendants pointed out the complete lack of evidence as to claims asserted against defendants, Leach, Hay, Lampert, Ryder, Hall and Johnson and also explained that Tammie and Johnnie had no standing to assert property interest claims of Silver Dollar.[25] Counsel for defendants expressly requested that these claims be dismissed for lack of evidence,[26] yet plaintiffs continued to pursue the litigation which caused these defendants to file the numerous motions for summary judgment.

The court notes that plaintiffs failed to establish a *prima facie* case against these defendants, and all claims were dismissed pursuant to defendants' motions for summary judgment, some of which plaintiffs failed to file oppositions to because their claims lacked merit.

---

[23] R. #83, p. 11.
[24] R. #83, p. 13.
[25] The City of Alexandria defendants' exhibit 3.
[26] Id.

7

Thus, we find that plaintiffs' claims were not only without merit, but also frivolous. Accordingly, we find that the City of Alexandria is entitled to an award of attorney's fees and costs.

Next, we must determine the amount of attorney's fees and costs to be awarded. The court notes that plaintiffs have not opposed the time and labor spent on this lawsuit by these defendants, nor do they dispute the hourly rate and costs. Counsel for defendants maintain that he and his staff spent a total of 586.1 hours on the matter.[27] Initially, counsel charged an hourly rate of $150 per hour which was increased to $175 per hour on December 31, 2015. Associates were initially billed at $100 per hour which was increased to $135 per hour as of December 31, 2015. Paralegals were initially billed at $50 per hour which was increased to $65 per hour as of December 31, 2015.

The case involved legal research on state and federal constitutional law and state statutes governing pawn shop laws and second hand dealer laws. In addition to extensive discovery, defense counsel filed five (5) motions for summary judgment to defend 12 police officers and the City of Alexandria for claims asserted by four (4) plaintiffs.

Counsel for these defendants has practiced municipal and/or public entity law since 1988 and defended several municipalities since that time. Counsel has defended sheriffs, deputies and correction officers in numerous parishes in the state in both state and federal court. Counsel's repertoire also includes being an instructor on law enforcement topics, and a lecturer for continuing legal education as to police liability.

---

[27] The City of Alexandria defendants' exhibit 4A.

As to costs,[28] the City of Alexandria seeks a total of $4,530.20 -- $400.00 for the cost of filing the Notice of Removal[29] and $4,130.20 for the cost of deposition transcripts.[30] Defendants took the deposition of plaintiffs and counsel for plaintiffs took the depositions of James Downs, Patrick Harrison, Doug Alford, Neal Bates, Shannon Blackwood, Len Hall, Scott Ryder, Richard Vercher, and Christopher Besson which were used to support the motions for summary judgment. The Clerk of Court has taxed these costs against plaintiffs and plaintiffs have not filed an objection to the Clerk's taxation of costs.[31]

The court finds that the City of Alexandria defendants are entitled to an award of $62,929.50 in attorney's fees and $4,530.20 in costs for a total award of $67,459.70.

In their supplemental memorandum, based on their detailed billing entries, the City defendants suggest allocating costs to plaintiffs as follows:

| PARTIES | HOURS | FEES |
|---|---|---|
| Jimmie and Peggy DeRamus | 122.40 | $14,915.50 |
| Johnnie DeRamus | 36.45 | $5,560.50 |
| Tammie DeRamus-Credeur | 19.05 | $2,449.00 |
| All DeRamuses | 408.20 | $40,004.50 |
| **SUBTOTAL** | **586.1** | **$62,929.50** |
| **FEES AND COSTS** | | **$4,530.20** |
| **TOTAL** | | **$67,459.70** |

---

[28] There is no requirement that defendants show that plaintiffs' claims were frivolous, unreasonable, without foundation or filed in bad faith to recover costs. Byers v. Dallas Morning News, Inc. 209 F.3d 419, 430 (5th Cir. 2000).
[29] The lawsuit was removed based on the constitutional law claims asserted in the Petition for Damages.
[30] As previously noted, plaintiffs have not opposed the hours worked, the hours rates charged, and/or the dollar amount of the costs claimed by defense counsel.
[31] R. #104.

The City defendants further provided case authority which allows for joint and several liability in setting fees;[32] the City defendants suggest that the court allocate a portion of the fees to each individual plaintiff, and also apportion responsibility for the remaining attorney's fees and costs to the DeRamuses jointly and severally. The court agrees with the City defendants' recommendation and will tax the attorney fees and costs as follows:

| | |
|---|---|
| Jimmie and Peggy DeRamus | $14,915.50 |
| Johnnie DeRamus | $5,560.50 |
| Tammy DeRamus-Credeur | $2,449.00 |
| Jimmie, Peggy, Johnnie and Tammy, as solidary obligors | $44,534.70 |

*Shannon Blackwood*

In her motion for attorney fees, counsel for defendant, Blackwood, seeks a total amount of $43,399.59 for attorney's fees and costs. Specifically, counsel seeks $38,780 in attorney's fees and $4,088.50 in paralegal fees for a total of $42,868.50. Counsel also seeks $187.30 in costs associated with purchasing a book (Louisiana Law of Pawn and Secondhand Dealers), and deposition and mailing costs of $363.65 and $14.14, respectively, for a total of $565.09. Plaintiffs have not objected to defense counsel's hours spent, hourly rate and/or expenses and costs.

For the reasons set forth above, the court finds that an award of attorney fees, expenses and costs is warranted. Thus, the court will award attorney and paralegal fees in the amount of $42,834.50 and $565.09 for expenses and costs for a total amount of $43,399.59.

---

[32] Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996); see also Latiolais v. Griffith, 2015 WL 4253976 at *10 (W.D. La. July 13, 2015)("It is well settled that a court may impose joint and several liability in setting attorney fees, especially when there is a single indivisible injury, and each party played a substantial role in the litigation.")

Counsel for Blackwood suggests that the attorney and paralegal fees be apportioned to plaintiffs as follows:

| PARTIES | ATTORNEY FEES | COSTS | TOTAL AMOUNT |
|---|---|---|---|
| Johnnie DeRamus | $546.50 | $70.64[33] | $617.14 |
| Tammie DeRamus-Credeur | $510.00 | $70.64[34] | $580.64 |
| Jimmie and Peggy DeRamus | $41,778 | $423.81[35] | $42,201.81 |
| **TOTAL** | | | **$43,399.59** |

The court will award attorney fees and costs as recommended by counsel for Blackwood.

*District Attorney James C. Downs/Phillip Terry and Assistant District Attorney Andy Van Dyke*

In their motion for attorney fees, District Attorney James C. Downs/Phillip Terry and Assistant District Attorney Andy Van Dyke ("DA defendants"), seek an attorney fee award in the amount of $10,800 against the plaintiffs, Jimmie and Peggy DeRamus d/b/a Silver Dollar Pawn & Jewelry, for frivolous claims. The court granted the DA defendants' motion for summary judgment dismissing with prejudice these defendants. Specifically, the court concluded that Downs/Terrell had no involvement in the return of stolen property to the owner, Kendall Bakies, and Van Dyke was entitled to qualified immunity because there was no evidence that his actions were a constitutional violation of plaintiffs' rights.

The DA defendants note that plaintiffs were put on notice that their claims lacked merit when these defendants filed their answer and asserted their affirmative defenses. The DA defendants further remark that they sent plaintiff's counsel a letter dated March 12, 2015 and

---

[33] 12.5% of $565.09.
[34] 12.5% of $565.09.
[35] 75% of $565.09.

pointed out the complete lack of evidence as to plaintiffs' claims against Terrell/Downs.[36] The DA defendants also remark that in the Memorandum Ruling, this court dismissed plaintiffs' claims because the doctrine of respondeat superior is not allowed in § 1983 claims, and further the court dismissed the claim against Van Dyke based on qualified immunity finding that there was no constitutional violation. The court finds that the DA defendants are entitled to an award of attorney fees and costs associated with defending this lawsuit.

In their supplemental memorandum, the DA defendants inform the court that all of its attorney fees and costs were associated with defending against the claims of Jimmie and Peggy DeRamus. Thus, the entire $10,800 in attorney fees will be awarded in the DA defendants' favor and against Jimmie and Peggy DeRamus.

## CONCLUSION

For the reasons set forth above, the motions for attorney fees and costs will be granted in favor of defendants and against plaintiffs.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana on this 23rd day of May, 2016.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[36] DA defendants' exhibit 2.